

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00029-CV

In the Interest of **J.M.C.**, P.A.S.M., and J.A.M. a/k/a J.M., Jr., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01268
Honorable Peter Sakai, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 30, 2021

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit for protection of the children J.M.C., P.A.S.M., and J.A.M. a/k/a J.M. Jr.[1], in June 2019. The Department sought temporary managing conservatorship and, in the event the children could not safely be reunified with either parent, a relative, or other suitable person, it sought permanent managing conservatorship of the children and termination of the parents' rights. The case was tried to the court in December 2020. After a trial to the bench in December 2020, the court terminated the rights of the children's parents and designated the Department the children's permanent managing conservator. The trial court found the children's mother, L.S., knowingly placed or knowingly

---

[1] To protect the identity of the minor children, we refer to the parties by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being and that she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being. *See* TEX. FAM. CODE § 161.001(b)(1)(D),(E). The court also found that termination of L.S.'s parental rights is in the best interest of the children. *See id.* § 161.001(b)(2). L.S. filed a timely notice of appeal.

Appellant's court-appointed appellate attorney filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that she sent L.S. a copy of the brief, a letter advising her of her rights to review the record and to file a *pro se* brief, and a form motion to be used to request the appellate record.

This court issued an order setting deadlines for appellant to request access to the record and to file a *pro se* brief. Counsel's motion to withdraw was held in abeyance. L.S. did not request access to the record and has not filed a pro se brief. The Department waived its right to file a brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. We conclude clear and convincing evidence supports the trial court's findings and there are no nonfrivolous grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review

in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27-28 & n.14 ("Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. Mere dissatisfaction of counsel or client with each other is not good cause. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. . . . In [the Supreme Court], appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an Anders brief.").

Luz Elena D. Chapa, Justice